UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CR-00110-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | ORDER |
| FREEMAN HANKINS, JR. | |

On October 30, 2025, the United States Probation Office ("USPO") for the Eastern District of North Carolina filed a motion to revoke defendant Freeman Hankins, Jr.'s ("Hankins" or "defendant") term of supervised release. [D.E. 50]. On December 18, 2025, defendant filed a notice of consent to waive his revocation hearing and requested a sentence of 8 months' imprisonment. [D.E. 61]. The United States and USPO support defendant's notice and agree with revocation of defendant's term of supervised release and a sentence of 8 months' imprisonment. *See id.* at 2. As explained below, the court grants defendant's motion.

Rule 32.1 of the Federal Rules of Criminal Procedure permits a defendant to waive his right to a revocation hearing where a defendant knowingly and voluntarily admits the violations outlined in the motion for revocation. *See* Fed. R. Crim. P. 32.1(b)(2); *United States v. Farrell*, 393 F.3d 498, 500 (4th Cir. 2005). In his notice, defendant admits violations 1, 2, and 3, which allege two criminal conduct violations and failure to report to the probation officer as directed by the court or probation officer. *See* [D.E. 61] 1 & n.2. Defendant asks to waive his hearing and have the court resolve the matter on the pleadings. *See id.* 1-2.

A court can infer a knowing and voluntary waiver of the right to a full revocation hearing from the totality of the circumstances and without a formal colloquy with the defendant. *See*

*Farrell*, 393 F.3d at 500; *United States v. Stehl*, 665 F.2d 58, 59–60 (4th Cir. 1981). The court finds that defendant has knowingly and voluntarily waived his right to a hearing under Rule 32.1; and the court accepts defendant's knowing and voluntary waiver and his admission to the violations.

As for the disposition, on February 28, 2018, the Honorable W. Earl Britt sentenced defendant to 75 months' imprisonment and a 60-month term of supervised release for violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and 18 U.S.C. §§ 924(c)(1)(A) and 924 (c)(1)(A)(i).[1] *See* [D.E. 44]; [D.E. 50]. Defendant's term of supervised release began on June 30, 2023. Since that date, defendant has violated the terms of his supervised release by committing two violations of new criminal conduct and failure to report to the probation officer as directed by the court or probation officer. In fashioning a supervised release revocation sentence, the court focuses on the breach of trust. *See* U.S.S.G. Ch. 7, Pt. A(3)(b). The sentence imposed upon revocation is "intended to sanction the [defendant] for failing to abide by the conditions of the court-ordered supervision." *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006) (quotation omitted); *see* U.S.S.G. Ch. 7, Pt. A(3)(b).

The violations outlined in the motion for revocation result in a grade B violation. Defendant's policy statement range is 8 to 14 months' imprisonment based on a grade B violation and a criminal history category of III. *See* U.S.S.G. 7B1.4(a); 2018 PSR ¶ 26. The parties agree that an appropriate sanction for Hankins is revocation and a sentence of 8 months' imprisonment. Having considered the entire record, the policy statements in Chapter 7 of the U.S. Sentencing Guidelines, and the relevant factors in 18 U.S.C. § 3553(a), the court adopts the parties' recommendation and sentences defendant to 8 months' imprisonment.

In reaching this decision, the court has considered the entire record, the parties' arguments,

---

[1] On May 12, 2025, this case was reassigned to the undersigned United States District Court Judge for all further proceedings. [D.E. 46].

and the section 3553(a) factors.

In sum, the court finds that defendant Freeman Hankins, Jr. has violated the terms and conditions of the judgment as follows:

1. Criminal conduct.
2. Criminal conduct
3. Failure to report to the probation officer as directed by the court or probation officer.

Defendant's supervised release term is REVOKED and the defendant is ORDERED committed to the custody of the Bureau of Prisons or its authorized representative for imprisonment for a period of 8 months with no supervision to follow.

IT IS RECOMMENDED that the defendant receive the benefit of the intensive substance abuse treatment program within the Bureau of Prisons.

IT IS FURTHER RECOMMENDED that the defendant receive educational and vocational training while in the Bureau of Prisons. The clerk SHALL provide the U.S. Marshal a copy of this judgment and this judgment shall serve as the commitment order. Any notice of appeal must be filed within 14 days.

SO ORDERED.

This __22__ day of December, 2025.

JAMES C. DEVER III
United States District Judge